# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

YAUSMENDA FREEMAN,

    Plaintiff(s),

v.

EQUIFAX, INC.,

    Defendant(s).

Case No. 2:21-cv-01137-JAD-NJK

**ORDER**

A threshold issue in any civil case is the statutorily required payment of the filing fee. 28 U.S.C. § 1914(a). In civil cases, that filing fee is $350 plus a $52 administration fee. *See id*; *see also* nvd.uscourts.gov/court-information/fee-schedule/ (last visited June 17, 2021).

On May 18, 2021, Plaintiff initiated this action as a miscellaneous case with a filing fee of $49. *See* Docket No. 1.[1] Nonetheless, some of the contents of Plaintiff's filings appear to evidence a desire to bring substantive claims against Defendant for monetary, injunctive, or other relief.[2] Of course, a case in which a plaintiff brings claims against a defendant for such relief would be an ordinary civil action subject to the $402 filing fee, which Plaintiff did not pay. On the other hand, Plaintiff has since filed a Petition to Perpetuate Testimony, in which Plaintiff appears to be arguing that her case is properly limited to a request for a deposition to perpetuate testimony under Rule

---

[1] Plaintiff actually initiated five miscellaneous actions. *See Freeman v. Santander Consumer USA, Inc.*, No. 2:21-ms-00029; *Freeman v. Westlake Servs., LLC*, No. 2:21-ms-00030; *Freeman v. Experian Info. Sols., Inc.*, No. 2:21-ms-00033; *Freeman v. Trans Union, LLC*, No. 2:21-ms-00034; *Freeman v. Equifax, Inc.*, No. 2:21-ms-00035.

[2] The Court construes Plaintiff's filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff has stated or suggested that she has been damaged by the actions alleged, *see, e.g.*, Docket No. 1 at 6, that she is entitled to millions of dollars in relief, *see, e.g., id.* at 13, and that this suit is an attempt to recover money from Defendant, *see id.*; *see also* Docket No. 2 at 2, 4 (asserting that the amount in controversy in this case exceeds $75,000 and that "[t]ime is of the essence for receipt of restitution").

1

27 of the Federal Rules of Civil Procedure. Docket No. 3.[3] To make feasible such a position that this is properly considered a miscellaneous action, Plaintiff would need to forego any effort to recover damages, injunctive relief, declaratory relief, or other affirmative relief through prosecution of this action.

In short, it is not entirely clear what it is that Plaintiff is seeking in this case and, consequently, whether the case is subject to a filing fee of $49 or $402.[4] The Court will therefore order Plaintiff to file a notice clarifying the nature of this action by July 6, 2021. Such notice must state clearly whether Plaintiff is limiting her relief in this case to a deposition to perpetuate testimony under Rule 27, or whether she seeks further relief. To be clear, in the event Plaintiff wishes to limit any relief to obtaining a deposition to perpetuate testimony under Rule 27, she need not pay any filing fee beyond the $49 fee already paid. In the event Plaintiff wishes to seek through this case damages, injunctive relief, declaratory relief, or any other relief beyond a deposition to perpetuate testimony, then she must pay the full filing fee for civil cases (minus the $49 already paid).[5]

IT IS SO ORDERED.

Dated: June 22, 2021

                                           Nancy J. Koppe
                                           United States Magistrate Judge

---

[3] It appears that Plaintiff has filed this petition in her various cases in response to an order that another case did not qualify as a miscellaneous action and was subject to the full filing fee applicable to civil cases. *See Freeman v. Trans Union, LLC*, 2:21-cv-01117-JAD-NJK, Docket No. 6 (D. Nev. June 15, 2021).

[4] The collection of the proper filing fee is not a matter of bureaucratic nit-picking, but rather has important functions to the proper working of the judiciary. *E.g.*, *Third Degree Films v. Does 1-47*, 286 F.R.D. 188, 198 (D. Mass. Oct. 2, 2012). As such, courts should guard against filing-fee evasion. *E.g.*, *LHF Prods., Inc. v. Kabala*, 2017 WL 4801656, at *5 (D. Nev. Oct. 23, 2017).

[5] The Court expresses no opinion herein as to the merits of any substantive claim that Plaintiff might be pleading or on the merits of any request to perpetuate testimony under Rule 27.