1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

YAUSMENDA FREEMAN,

     Petitioner(s),

v.

EQUIFAX, INC.,

     Respondent(s).

Case No. 2:21-cv-01137-APG-NJK

**Order**

[Docket Nos. 12, 35, 39]

Pending before the Court is Petitioner's third amended petition to perpetuate testimony, Docket No. 12,[1] Respondent's motion to dismiss that petition, Docket No. 35, and Petitioner's motion to strike, Docket No. 39. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, Petitioner's petition to perpetuate testimony is **DENIED**, Respondent's motion to dismiss is **DENIED** as moot, and Petitioner's motion to strike is **DENIED**.[2]

---

[1] As Petitioner is proceeding without an attorney, the Court construes her filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Petitioner's request is at bottom a discovery-type issue and magistrate judges are frequently tasked with resolving discovery disputes. *See, e.g.*, *Columbia Pics., Inc. v. Bunnell*, 245 F.R.D. 443, 448 (C.D. Cal. 2007). Denying that request is non-dispositive in nature even though this discovery issue is the only matter being litigated in this miscellaneous action. *See, e.g.*, *In re Judicial Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd.*, 2015 WL 3439103, at *3 (D. Nev. May 28, 2015) (collecting cases), *objections overruled*, 2015 WL 7258483, at *2-3 (D. Nev. Nov. 17, 2015). Indeed, nothing herein prevents Petitioner from filing a separate lawsuit on any substantive claim she may have against Respondent. Accordingly, the undersigned resolves this matter through issuance of an order. *Cf. Freeman v. TransUnion, LLC*, 2021 WL 5500488, at *1 n.2 (D. Nev. Nov. 22, 2021). Of course, to the extent either party disagrees with this characterization, they are free to raise such arguments in any objection to this order. *See Florence v. Stanback*, 607 F. Supp. 2d 1119, 1122 (C.D. Cal. 2009); *see also Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015) (as part of waiver analysis, encouraging magistrate judges to advise litigants of the ability to object to a determination that a matter is non-dispositive).

1

## I. MOTION TO STRIKE (Docket No. 39)

The Court begins with Petitioner's motion to strike. Docket No. 39.[3]  Petitioner argues that opposing counsel has violated the duty imposed by Rule 11(b) of the Federal Rules of Civil Procedure to provide accurate representations to the Court and, as a result, that their filings should be stricken. *See, e.g.*, *id.* at 4-6.  In particular, Petitioner contends that various attorneys committed fraud by filing documents on behalf of "Equifax Information Services LLC" when Petitioner sued "Equifax Inc." *See, e.g.*, *id.*[4]  As counsel has made clear, Equifax, Inc. is the parent company of Equifax Information Services LLC.  Docket No. 48.  Filings have been made on behalf of the latter because counsel believe that Petitioner identified the wrong entity in her petition. *See id.*; *see also* Docket No. 39 at 7 (Petitioner acknowledging this reasoning advanced by opposing counsel).  The Court finds no basis on which to conclude that these attorneys are committing fraud.[5]

Accordingly, the Court will deny the motion to strike.

## II. PETITION TO PERPETUATE TESTIMONY (Docket No. 12)

The Court next turns to Petitioner's request to perpetuate testimony.  Docket No. 12.  The Federal Rules of Civil Procedure provide a framework for persons wanting to perpetuate testimony by taking a deposition before an action is filed. *See* Fed. R. Civ. P. 27(a); *see also Freeman*, 2021 WL 5500488, at *1.[6]  The circumstances in which such a deposition is warranted are limited.  The

---

[3] Petitioner has filed a petition for writ of mandamus.  Docket No. 45.  The filing of that petition does not divest this Court of its jurisdiction. *See Ellis v. U.S. Dist. Ct. for W. Dist. of Wash.*, 360 F.3d 1022, 1023 (9th Cir. 2004) (*en banc*).

[4] The motion raises other issues that may also be aimed at trying to strike Respondent's filings. *See, e.g.*, *id.* at 5 (alleging service of process irregularity).  Any argument presented for striking Respondent's documents that is not explicitly addressed herein has been rejected as unpersuasive. *Cf. V5 Tecs. v. Switch, Ltd.*, 334 F.R.D. 306, 314 n.12 (D. Nev. 2019).  It also appears that Petitioner may be seeking relief other than striking the subject filings. *See, e.g.*, Docket No. 39 at 11 (appearing to seek relief from prior denial of request for entry of default).  Such requests are not properly before the Court, *see* Local Rule IC 2-2(b) (separate motions must be filed for different types of relief), so the Court does not opine herein on those issues.

[5] Nor does the Court discern any type of prejudice to Petitioner based on the existence of filings that express a belief that the wrong entity has been sued.  Petitioner's request for relief fails regardless of whether the arguments addressed herein were advanced by "Equifax," "Equifax Inc.," or "Equifax Information Services LLC."

[6] Petitioner refers to Rule 27(c).  Docket No. 12 at 2, 11.  The Ninth Circuit has explained that Rule 27(c) "was not intended to expand the applicability of the other provisions of the Rule." *Nev. v. O'Leary*, 63 F.3d 932, 936-37 (9th Cir. 1995).  Moreover, the required showing is the same

first requirement for obtaining such relief is that the petitioner expects to be a party to an action but cannot presently bring it or cause it to be brought. Fed. R. Civ. P. 27(a)(1)(A); *O'Leary*, 63 F.3d at 935. The case law further clarifies that this inability cannot be premised on a lack of evidence that the deposition is meant to cure; the deposition cannot be used as a means to gather facts to bring suit. *See, e.g.*, *Cole*, 2011 WL 13240402, at *2. Another requirement for obtaining relief is that the petitioner has shown that the testimony may be lost if not obtained immediately. *See Calderon v. U.S. Dist. Ct. for N. Dist. of Cal.*, 144 F.3d 618, 621 (9th Cir. 1998). Such circumstances might derive in a particular case where a witness is gravely ill, elderly, or likely to leave the country for a prolonged period. *See, e.g.*, *Cole*, 2011 WL 13240402, at *2.[7]

The Court agrees with Respondent that an insufficient showing has been made on these issues. *See* Docket No. 35. First, Petitioner claims that she may file suit for alleged consumer protection violations related to her request that Respondent remove certain information from her credit report, *see, e.g.*, Docket No. 12 at ¶¶ 28-55, 57, but Petitioner contends that she cannot bring that lawsuit until an IRS audit is completed, *see id.* at ¶ 57. A vague reference to an IRS audit is not sufficient to show an inability to bring suit and Petitioner has not otherwise explained why her expected lawsuit cannot be filed now. *Freeman*, 2021 WL 5500488, at *2.[8] Second, Petitioner claims on information and belief that evidence may not be preserved. *See* Docket No. 12 at ¶ 54. Petitioner also alleges that Respondent has not complied with its obligations in the past. *See id.* at

_____

regardless of whether a petitioner relies on Rule 27(a) or Rule 27(c). *See Cole v. Bank of Am., LLC*, 2011 WL 13240402, at *2 n.1 (D. Nev. Sept. 7, 2011); *see also* 6 MOORE'S FEDERAL PRACTICE, § 27.51 (3d ed.) (whether a request is brought under Rule 27(a) or Rule 27(c), the required showing is "almost identical"). The specific requirements identified herein have been found to apply in the context of Rule 27(c). *See, e.g.*, *Nissei Sangyo Am., Ltd. v. United States*, 31 F.3d 435, 440 (7th Cir. 1994) (discovery may be obtained under Rule 27(c) for documents "if they are competent records, material to the matter in controversy, that cannot be obtained in ordinary discovery because the plaintiff is not yet in a position to initiate such an action, but that might be lost if the plaintiff cannot now obtain them").

[7] The Court does not identify herein all of the requirements for obtaining the relief being sought. Given the shortcomings identified herein, the Court need not opine on whether Petitioner has complied with the other applicable requirements.

[8] Petitioner also references that she has yet to file her 2020 tax return and that it may be audited. *Id.* at ¶ 59. Such vague reference to the 2020 tax return likewise fails to show that the lawsuit described cannot be brought now. *Freeman*, 2021 WL 5500488, at *2.

¶ 26.  Petitioner's fear of lost evidence is speculative and is not supported by the record.  *Freeman*, 2021 WL 5500488, at *2.

Accordingly, Petitioner has not demonstrated that she is entitled to a deposition before filing suit and the Court will deny her petition to perpetuate testimony.

**III.   MOTION TO DISMISS (Docket No. 35)**

In light of the denial of the petition to perpetuate testimony, Respondent's motion to dismiss will be denied as moot.

**IV.   CONCLUSION**

For the reasons discussed more fully above, Petitioner's petition to perpetuate testimony is **DENIED**, Respondent's motion to dismiss is **DENIED** as moot, and Petitioner's motion to strike is **DENIED**.

IT IS SO ORDERED.

Dated: January 20, 2022

_____
Nancy J. Koppe
United States Magistrate Judge